BRYAN SCHRODER
United States Attorney

STEPHAN A. COLLINS
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 Twelfth Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: Stephan.collins@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00133-RRB-DMS |
| Plaintiff, | ) ) ) | COUNT 1: POSSESSION OF A CONTROLLED |
| vs. | ) ) | SUBSTANCE WITH INTENT TO DISTRIBUTE |
| | ) ) | Vio. 21 U.S.C. § 841(a)(1) and (b)(1)(A), |
| MICHAEL JOSEPH GRIFFIN, | ) ) | (C) and (D) |
| Defendant, | ) ) ) ) ) ) | COUNT 2: CARRYING A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME Vio. 18 U.S.C. § 924(c)(1)(A)(i) |
| | ) ) ) ) ) | COUNT 3: DISTRIBUTION OF A CONTROLLED SUBSTANCE Vio. 21 U.S.C. § 841(a)(1), (b)(1)(A) |
| | ) ) ) ) ) | CRIMINAL FORFEITURE ALLEGATION Vio. of 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) & Fed. R. Crim. P. 32.2.(a) |

INDICTMENT

The Grand Jury charges that:

COUNT 1

On or about March 29, 2017, in the District of Alaska, MICHAEL JOSEPH GRIFFIN, did knowingly and intentionally possess with intent to distribute a controlled substances, to wit: 50 grams or more of actual methamphetamine, a mixture and substance containing a detectable amount of heroin, and a mixture and substance containing a detectable amount of marijuana.

All of which is in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), (C) and (D).

COUNT 2

On or about March 29, 2017, in the District of Alaska, MICHAEL JOSEPH GRIFFIN, during and in relation to the drug trafficking crime charged in Count 1 of this Indictment, did knowingly use and carry firearms, to wit:

(1) Ruger LCR 38 Special, .38 caliber revolver;

(2) SIG Sauer P232, 9mm semiautomatic pistol;

(3) Smith & Wesson 357 Magnum, .357 caliber revolver;

(4) Beretta 92FS, 9mm semiautomatic pistol;

(5) Desert Eagle, .45 caliber semiautomatic pistol;

(6) Ruger Super Redhawk, .45 caliber revolver;

(7) Ruger LCR 38 Special, .38 caliber revolver;

(8) Glock 22, .40 caliber semiautomatic pistol;

(9) Springfield Armory XD 40, .40 caliber semiautomatic pistol;

(10) Smith & Wesson Airweight, .38 caliber revolver;

(11) Phoenix Arms HP25A, .25 caliber semiautomatic pistol;

(12) Taurus PT 24/7, .45 caliber semiautomatic pistol;

(13) Smith & Wesson 38 Special, .38 caliber revolver;

(14) Smith & Wesson 357 Magnum, .357 caliber revolver;

(15) DPMS LR-308, .308 caliber semiautomatic rifle;

(16) Bushmaster AR-15, .223 caliber semiautomatic rifle; and

(17) Weatherby, 12 gauge pump shotgun;

and did knowingly and intentionally possess these firearms in furtherance of the aforesaid drug trafficking crime.

All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 3

On or about April 30, 2019, in the District of Alaska, MICHAEL JOSEPH GRIFFIN did knowingly and intentionally distribute a controlled substance, to wit: 50 grams or more of actual methamphetamine.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

## CRIMINAL FORFEITURE ALLEGATION

Upon defendant's conviction of the controlled substance offense alleged in Count 1 of this Indictment, or the firearm offense alleged in Count 2 of this Indictment, said defendant, MICHAEL JOSEPH GRIFFIN, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation alleged in Count 1 of this Indictment pursuant to 21 U.S.C. § 853(a)(1), and

any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation alleged in Count 1 of this Indictment pursuant to 21 U.S.C. § 853(a)(2), and any firearm or ammunition involved in or used in such violation alleged in Count 2 of this Indictment, to include, but not limited to, the following:

(1) Scales, bags, and other drug distributing paraphernalia;

(2) Cellphones, including, but not limited to, the following:

    a. One (1) Samsung cellphone;

    b. Two (2) Maxwest cellphones;

(3) SIG Sauer P232, 9mm semiautomatic pistol, serial no. S240573;

(4) Smith & Wesson 357 Magnum, .357 caliber revolver, serial no. CCP6283;

(5) Beretta 92FS, 9mm semiautomatic pistol, serial no. K54594Z;

(6) Desert Eagle, .45 caliber semiautomatic pistol, serial no. 34300362;

(7) Ruger Super Redhawk, .45 caliber revolver, serial no. 555270802;

(8) Ruger LCR 38 Special, .38 caliber revolver, serial no. 5416880;

(9) Glock 22, .40 caliber semiautomatic pistol, serial no. LEV370;

(10) Smith & Wesson Airweight, .38 caliber revolver, serial no. D766969;

(11) Taurus PT 24/7, .45 caliber semiautomatic pistol, serial no. NA054653;

(12) Smith & Wesson 38 Special, .38 caliber revolver, serial no. R74418;

(13) Smith & Wesson 357 Magnum, .357 caliber revolver, serial no. 2D18057;

(14) DPMS LR-308, .308 caliber semiautomatic rifle, serial no. FFK010632;

(15) Bushmaster AR-15, .223 caliber semiautomatic rifle, serial no. CBC024445;

(16) Weatherby, 12 gauge pump shotgun, serial no. AK09172;

(17) Related magazines, including, but not limited to, the following:

    a. Drum magazine(s);

    b. Rifle magazine(s);

    c. Pistol magazine(s);

(18) Related ammunition (all centerfire), including, but not limited to, the following:

    a. .223 caliber – unknown manufacturer(s);

    b. .25 caliber – Aguila, unknown manufacturer(s);

    c. .308 caliber – unknown manufacturer(s);

    d. .357 caliber – Barnes, Hornady, unknown manufacturer(s);

    e. .38 caliber – unknown manufacturer(s);

    f. 9mm – Barnes, unknown manufacturer(s);

    g. .40 caliber – Federal, unknown manufacturer(s);

    h. .45 caliber – Federal, unknown manufacturer(s);

    i. .454 caliber – Hornady, unknown manufacturer(s); and

    j. 12 gauge shotgun shells – unknown manufacturer(s).

All of which is in accordance with 21 U.S.C. § 853(a)(1) and (2), and (d); 18 U.S.C. § 924(d)(1); and Rule 32.2(a), Federal Rules of Criminal Procedure.

## Substitute Asset Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court;

has been substantially diminished in value; or has been comingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other substitute property of said defendant up to the value of the forfeitable property described above.

In addition, the United States is entitled to a money judgment equal to the total proceeds of the drug charges set forth in Counts 1 and 2 of the Indictment.

All of which is in accordance with 21 U.S.C. §§ 853 and 3665; and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON


s/ Stephan A. Collins
STEPHAN A. COLLINS
Assistant United States Attorney
United States of America


s/ Bryan Schroder
BRYAN SCHRODER
United States Attorney
United States of America


DATE: 11-20-19